[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13701
Non-Argument Calendar

_____

BIA No. A95-227-205

GERMAN DARIO ROJAS-IRIARTE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(January 30, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

German Dario Rojas-Iriarte, a native and citizen of Columbia, petitions us to review the denial by the Board of Immigration Appeals of Rojas-Iriarte's motion to reopen his removal proceedings. Because the BIA did not abuse it discretion when it refused to reopen the proceeding and Rojas-Iriarte's other arguments are not properly before us, we deny in part and dismiss in part.

## I. BACKGROUND

Rojas-Iriarte entered the United States on February 27, 2000, on a nonimmigrant student visa to attend the Atlanta English Institute in Atlanta, Georgia. The INS issued a Notice to Appear to Rojas-Iriarte on March 19, 2002, because he had not attended the Institute since November 21, 2001. Rojas-Iriarte filed an application for asylum and withholding of removal on February 5, 2002.

In the course of removal proceedings against him, Rojas-Iriarte alleged past persecution and a well-founded fear of future persecution because his family had been active in a political party opposed to the guerrilla group commonly referred to as the FARC. Rojas-Iriarte described several threats against him and his family.

Rojas-Iriarte's sister, Luz Alva Rojas, offered to testify on her brother's behalf. The IJ explained the testimony likely would be unnecessary because her determination would be based on the credibility of Rojas-Iriarte's testimony. Rojas-Iriarte's counsel confirmed the sister would testify basically that her family supported political opposition to the FARC and conceded this testimony was

2

"largely corroborative of [her brother's]."

During his testimony, Rojas-Iriarte alleged that his sister had been granted asylum by the INS. The IJ asked Rojas-Iriarte to produce corroborating evidence of this allegation at the next hearing. Rojas-Iriarte did not produce the requested evidence at the next hearing and conceded that, although his sister had since been granted asylum, she had not received definitive correspondence from the INS at the time he first testified about the matter.

The IJ then rendered her oral opinion and found that Rojas-Iriarte, although credible, had not established past persecution, a well-grounded fear of future persecution, or grounds for withholding of removal. The IJ found that Rojas-Iriarte had been threatened by the FARC but not persecuted.

Rojas-Iriarte appealed to the BIA. The BIA dismissed the appeal on December 30, 2004. Rojas-Iriarte did not then seek judicial review but instead, on March 29, 2005, filed a motion with the BIA to reopen removal proceedings. Rojas-Iriarte presented new evidence that the FARC had been calling his wife to threaten him but she had not told him until his application for asylum was rejected. Rojas-Iriarte also challenged the merits of the original decisions of the BIA and IJ and raised issues of due process and ineffective assistance of counsel. The BIA denied the motion to reopen on June 9, 2005, and Rojas-Iriarte filed this petition on July 7, 2005.

## II. STANDARD OF REVIEW

"We review the denial of a motion to reopen for an abuse of discretion." Lonyem v. United States Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). We will not reverse unless the BIA exercised its discretion in an arbitrary and capricious manner. See Abdi v. United States Att'y Gen., No. 04-16447, slip op. at 3 (11th Cir. Nov. 15, 2005).

## III. DISCUSSION

Rojas-Iriarte makes three arguments: (1) the IJ and BIA erred in denying him asylum and withholding of removal; (2) the IJ and BIA violated his constitutional rights to due process and equal protection when they ignored his sister's testimony and refused him asylum on the basis of the same conditions on which basis his sister had been granted asylum; and (3) the BIA abused its discretion when it refused to reopen his case after he offered new evidence of threats from the FARC and explained that he had ineffective assistance of counsel during his removal proceedings.

The government argues that we lack jurisdiction to review the merits of the decision of the IJ or the denial of appeal by the BIA. We agree. Rojas-Iriarte had 30 days to file a petition with us to seek judicial review of the order of removal once it became final on December 30, 2004, the date the BIA dismissed his appeal. See Jaggernauth v. United States Att'y Gen., No. 03-16317, slip op. at 8 (11th Cir.

Dec. 19, 2005); 8 C.F.R. § 1241.1(a). Rojas-Iriarte did not file this petition until July 7, 2005. Because we can review only final orders of removal, see Jaggernauth, slip op. at 7, and because the 30-day period of limitation is "mandatory and jurisdictional," Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)), we lack jurisdiction to review the merits of the decision of the IJ or the dismissal of appeal by the BIA.

No constitutional issues are properly before us. Rojas-Iriarte's constitutional challenges to the dismissal of his appeal by the BIA should have been made to the BIA in a motion to reconsider, not a motion to reopen. Compare 8 C.F.R. § 1003.2(b)(1) (describing motion to reconsider) with 8 C.F.R. § 1003.2(c)(1) (describing motion to reopen); see Zhao v. United States Dep't of Justice, 265 F.3d 83, 90 (2d Cir. 2001) (stating the BIA "has ruled that these motions are separate and distinct and are not interchangeable"). Although the BIA may construe a motion to reopen as a motion for reconsideration based on the substance of the motion, see Dakane, 399 F.3d at 1272, the BIA could not do so here because the 30-day period of limitation to file a motion for reconsideration had expired by the time Rojas-Iriarte filed his motion to reopen on March 29, 2005. See 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2).

Our review is limited to the decision of the BIA not to reopen Rojas-Iriarte's

case. The BIA is required by regulation to deny a motion to reopen if the new evidence is immaterial. See 8 C.F.R. § 1003.2(c)(1). The BIA determined that Rojas-Iriarte's new evidence—that the FARC had called Rojas-Iriarte's wife to threaten him—was cumulative because the IJ and BIA already had considered the fact of many threats to Rojas-Iriarte when he was denied asylum and withholding of removal. The BIA explained the new evidence "fail[ed] to overcome the findings [of the IJ], which we upheld on appeal." We cannot say this conclusion was an arbitrary or capricious exercise by the BIA of its discretion.

Rojas-Iriarte's argument about ineffective assistance of counsel also fails. Although ineffective assistance of counsel can be a valid ground to reopen removal proceedings, Rojas-Iriarte failed to satisfy the requirements for filing a motion on this basis. See Dakane, 399 F.3d at 1274. The BIA did not abuse its discretion.

**PETITION DISMISSED IN PART AND DENIED IN PART.**